UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETERSON TODD HAAK,

    Petitioner,

v.

WILLIE SMITH,

    Respondent.
_____/

Case No. 1:13-cv-235

HON. JANET T. NEFF

## OPINION AND ORDER

This is a habeas corpus petition filed pursuant to 28 U.S.C. §2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. Respondent did not file a response to Petitioner's objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

### I. Objections

As a threshold matter, Petitioner objects to the manner in which the Magistrate Judge summarized certain testimony in the "Background" section of the Report and Recommendation because of the "omission of important details or inaccuracies in the reporting" (Pet'r Obj., Dkt 38

at PageID.317). However, Petitioner does not indicate how the purported omissions or inaccuracies would alone lead to a different disposition. Therefore, Petitioner's objection is denied.

Petitioner makes five substantive objections, as follows. First, Petitioner objects to the Magistrate Judge's conclusion that four instances of prosecutorial misconduct were procedurally defaulted (Pet'r Obj., Dkt 38 at PageID.321). According to Petitioner, the four instances—(1) the denigration of the insanity defense, (2) the denigration of defense experts, (3) arguments contrary to the evidence, and (4) improper expressions of personal opinion—were each "presented to and ruled upon by the state courts and thus not procedurally defaulted" (*id.* at PageID.322).

Petitioner's objection lacks merit.

The Michigan court of appeals determined, consistent with Petitioner's concession, that Petitioner did not properly preserve the four issues below. Petitioner's argument against default depends on the fact that the court of appeals nonetheless reviewed the issues for plain error. The Magistrate Judge properly rejected Petitioner's argument, concluding that "[t]he fact that the Michigan Court of Appeals reviewed Petitioner's unpreserved claims for plain error does not constitute an adjudication on the merits which can overcome procedural default" (R&R, Dkt 37 at PageID.297). As set forth in the Report and Recommendation, the Magistrate Judge's conclusion was based on a widely accepted body of precedent issued by the Sixth Circuit, *see, e.g., Frazier v. Jenkins*, 770 F.3d 485, 496 n.5 (6th Cir. 2014) ("[w]e have repeatedly held that plain-error review is not equivalent to adjudication on the merits") (citing cases therein), and Petitioner's argument in favor of a different conclusion does not demonstrate legal error by the Magistrate Judge. The objection is denied.

Second, Petitioner objects to the Magistrate Judge's conclusion that his claim challenging the sufficiency of the evidence of legal insanity is not a cognizable claim in a federal habeas proceeding (Pet'r Obj., Dkt 38 at PageID.326). Petitioner argues that the Magistrate Judge, in so concluding, "overlooks or ignores the holding and reasoning of *Perez v. Cain*, 529 F.3d 588 (5th Cir. 2008)" (*id.*). Petitioner further asserts that there was overwhelming evidence that he was legally insane at the time of the commission of the offenses due to involuntary intoxication caused by the unknowing ingestion of chloral hydrate (*id.*).

Again, the Magistrate Judge relied on precedent in the Sixth Circuit interpreting Michigan law for the proposition that the due process guarantee extends only to facts needed to establish the elements of the crime, not to the state's burden to prove the absence of an affirmative defense (R&R, Dkt 37 at PageID.304-305). The decision in *Perez* did not address Michigan law and does not undermine this precedent. Accordingly, this objection is also properly denied.

Third, Petitioner objects to the Magistrate Judge's resolution of his argument that he cannot be guilty but mentally ill where "there was no evidence of mental illness alone in the state court proceedings" (Pet'r Obj., Dkt 38 at Page ID.329). According to Petitioner, he is either guilty, or not guilty by reason of insanity (*id.*).

The Magistrate Judge determined that there was more than sufficient evidence for a rational juror to conclude that Petitioner's inability to appreciate the nature of his conduct or conform his conduct to the requirements of the law was produced by "Petitioner's excessive—and voluntary—intake of alcohol rather than from an allegedly involuntary ingestion of chloral hydrate" (R&R, Dkt 37 at PageID.307). While Petitioner asserts that the Magistrate Judge does not identify any "expert testimony or proof that alcohol was the cause," the Magistrate Judge ably described the

3

testimony of Drs. Eisenga, Atchison, Walker and Clark on the import of Petitioner's alcohol consumption on the night in question (*id.* at PageID.307-308). This objection is therefore also properly denied.

Fourth, Petitioner similarly objects to the Magistrate Judge's conclusion that "[t]o the extent Petitioner was mentally ill, but not legally insane, such does not preclude a finding that Petitioner acted with the requisite intent" (Pet'r Obj., Dkt 38 at PageID.329; R&R, Dkt 37 at PageID.308, citing *Lang v. Warren*, 2015 WL 3837796, at *6 (E.D. Mich., June 22, 2015) ("under Michigan law evidence of mental incapacity short of insanity cannot be used to avoid or reduce criminal responsibility by negating specific intent")). Petitioner opines that in light of the "abundant evidence ... that [his] involuntary intoxication led to his legal insanity," he could not have been shown to have "intent" to commit any of the alleged offenses (Pet'r Obj., Dkt 38 at PageID.330-331). However, Petitioner's argument demonstrates only his disagreement with the Magistrate Judge's ultimate conclusion. He fails to demonstrate any error in the Magistrate Judge's analysis. Accordingly, this objection is denied.

Last, Petitioner objects to the Magistrate Judge's denial of his evidentiary claim about the qualifications of prosecution witness William Atchison, Ph.D. (Pet'r Obj., Dkt 38 at PageID.331). According to Petitioner, both the state trial and appellate courts failed to apply, or misapplied, the standards established in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) (*id.*).

The Magistrate Judge concluded that Petitioner's evidentiary claim raises no issue upon which habeas relief may be granted where (a) the denial of the claim was neither contrary to, nor involved an unreasonable application of, clearly established federal law; and (b) the decision was not based on an unreasonable determination of the facts in light of the evidence presented (R&R, Dkt

37 at PageID.313). In his objections, Petitioner does not address the Magistrate Judge's conclusion that the claim is not cognizable in a federal habeas proceeding. Petitioner's argument, that the Magistrate Judge "does not address" the "deficiency" in Dr. Atchison's competency and qualifications, implicates only the Magistrate Judge's second conclusion. In any event, Petitioner's argument lacks merit. The Magistrate Judge did not fail to address Petitioner's challenges to Dr. Atchison's competency and qualifications as an expert. Rather, the Magistrate Judge, who excerpted the Michigan court of appeals' description of Dr. Atchison's educational and professional background, concluded that the determination by the trial court that Dr. Atchison was qualified to offer expert testimony was "reasonable and consistent with Michigan Rule of Evidence 702" (*id.*). Petitioner's contrary conclusion does not reveal any error in the Magistrate Judge's analysis. Therefore, the objection is properly denied.

## II. Certificate of Appealability

Having determined that Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Slack,* 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable.

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's constitutional claims debatable or wrong. In sum, a certificate of appealability will be denied as to each issue asserted. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 38) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 37) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: March  10 , 2016              /s/ Janet T. Neff
                                     JANET T. NEFF
                                     United States District Judge